# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# Panama City DIVISION

**VALORY LEWIS,**

   *Plaintiff*,

**V.**　　　　　　　　　　　　　　　　　　**CASE NO. 5:20cv233-TKW-MJF**

**MHM HEALTH PROFESSIONALS, LLC.,**

   *Defendant*.

_____/

## FIRST AMENDED COMPLAINT

Plaintiff, VALORY BROOKE LEWIS, hereby sues Defendant, MHM HEALTH PROFESSIONALS, LLC, and alleges:

## NATURE OF THE ACTION

1.  This is an action brought under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 *et seq*.; and the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2612, 2624.

2.  This action involves claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, VALORY BROOKE LEWIS, was a resident of Florida and was employed by Defendant in Sneads, Jackson County at a Florida Department of Corrections (FDOC) facility known as Apalachee Correctional Institution.

4. At all times pertinent hereto, Defendant, MHM HEALTH PROFESSIONALS, LLC ("MHM"), existed under the laws of the State of Florida as a foreign corporation and conducted business in Florida, including at an FDOC facility located in Sneads, Jackson County, known as Apalachee CI, where it employed Plaintiff as a Registered Nurse. Defendant MHM was an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to the claims asserted herein.

## CONDITIONS PRECEDENT

5. Plaintiff satisfied all conditions precedent to this action in that Plaintiff filed charges of discrimination with the FCHR and EEOC. This action is timely filed thereafter.

## STATEMENT OF FACTS

6. Plaintiff was employed by Defendant as a Registered Nurse at a Florida Department of Corrections facility in Jackson County known as Apalachee

Correctional Institution from July 2014 to February 5, 2018, at which point her employment with Defendant was wrongfully terminated.

7. At all times material to this action, Plaintiff suffered from a serious medical condition (migraine headaches) of which Defendant was aware. Plaintiff's minor daughter[1] also suffered from a serious medical condition of which Defendant was aware. Thus Plaintiff was a member of a protected class due to Plaintiff's actual or perceived disability and record of impairment, and due to Plaintiff's association with her daughter who was likewise disabled, and perceived as disabled by Defendant.

8. Instead of accommodating Plaintiff for either of these disability-related impairments, Defendant subjected Plaintiff to disparate treatment and held her to a different standard than other non-disabled employees.

9. Plaintiff disclosed the conditions which impacted both Plaintiff and her daughter to Director of Nursing Clarissa Cooper at the beginning of her employment with Defendant.

10. Plaintiff raised the issue of the conditions which impacted both herself and her daughter again in July of 2017 when she applied for FMLA protection. Defendant's mistreatment of Plaintiff became more severe following Plaintiff's request for FMLA protection.

---

[1] Plaintiff's daughter's medical condition is not disclosed herein because she is a minor.

11. The disparate treatment came primarily from Clarissa Cooper, Health Services Administrator Rhonda McAlpin, and HR Representatives Sara Brus and Kathleen Down.

12. Plaintiff received a final counseling on January 24, 2018 based upon allegations made against Plaintiff regarding an alleged failure to properly secure a syringe. Only Plaintiff was counseled for this issue despite the fact that other employees regularly engaged in similar practices.

13. Shortly thereafter, Plaintiff's employment was terminated on February 5, 2018. The termination of Plaintiff's employment is unsupported by any legitimate reason, and is in fact due to the disabilities form which Plaintiff and her daughter suffered, the request for accommodation Plaintiff made as a result of the disabilities, and Plaintiff's request for medical leave protected under the FMLA.

14. Plaintiff retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fees under the laws referenced herein.

## COUNT I
## DISABILITY DISCRIMINATION

15. Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

16. This count sets forth a claim against Defendant for disability discrimination under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 *et seq*.

17. Plaintiff has been the victim of discrimination on the basis of her disability and/or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated non-disabled/perceived-as-disabled employees.

18. Plaintiff requested to report to work late and leave early on a limited number of days as an accommodation to care for both herself and her child. Defendant ostensibly agreed, but later disciplined Plaintiff for taking approved leave.

19. There is no question that Defendant was aware of the conditions which negatively impacted both Plaintiff and her daughter, and the resultant disparate treatment which Plaintiff suffered as a result because Plaintiff made multiple written complaints to Defendant regarding the same:

> *October 13, 2017*: "My daughter has been going through some major health issues so I talked openly with Mrs. Cooper to keep her informed of all that was going on, and how it was contributing to my own health issues, and so she would be aware of upcoming dr appointments, ect. The very next day I was called into her office for a final warning regarding my time/ attendance."
>
> *November 14, 2017*: "I was accused of leaving work for another employee to do, when I was following my

5

clinician's order, and then orders and notes that I signed off were changed."

*November 28, 2017*: "And, as far as my time and attendance goes, if Mrs. Cooper asked you to take a look at mine in particular, I take full responsibility for it, but I know that she did NOT include the days where she gave permission for me to arrive late or leave early due to helping my daughter get ready for school for pictures, MD appointments, ect. Permission was asked and always approved, even if not reflected."

20. Defendant is liable for the differential treatment of Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendant. The specific differential treatment in question which Plaintiff suffered includes oral approval for time off followed by written discipline issued as though no permission had been given, ostracization of Plaintiff for the conditions which negatively impacted both Plaintiff and her daughter, and ultimately wrongful termination.

21. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff, or it knew or should have known of these actions and inactions, and failed to take prompt and adequate remedial action, or took no action at all to prevent the abuses to Plaintiff.

22. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

23. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. Plaintiff was wrongfully harassed with unwarranted discipline, and ultimately terminated. The events set forth herein led, at least in part, to Plaintiff's termination.

24. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability and/or Plaintiff's record of impairment.

25. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## DISABILITY–ASSOCIATIONAL DISCRIMINATION

26. Paragraphs 1 through 14, and 19 are re-alleged and incorporated herein by reference.

27. This count sets forth a claim against Defendant for disability-associational discrimination under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 *et seq*.

7

28. Plaintiff has been the victim of discrimination on the basis of her association with her disabled or perceived-as-disabled daughter. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated employees who were not associated with disabled people.

29. Plaintiff requested to report to work late and leave early on a limited number of days as an accommodation to care for both herself and her child. Defendant ostensibly agreed, but later disciplined Plaintiff for taking approved leave.

30. Defendant is liable for the differential treatment of Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendant. The specific differential treatment in question which Plaintiff suffered includes oral approval for time off followed by written discipline issued as though no permission had been given, ostracization of Plaintiff for the conditions which negatively impacted both Plaintiff and her daughter, and ultimately wrongful termination.

31. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff, or it knew or should have known of these actions and inactions, and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

32. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were associational-disability based and in violation of the laws set forth herein.

33. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. Plaintiff was wrongfully harassed with unwarranted discipline, and ultimately terminated. The events set forth herein led, at least in part, to Plaintiff's termination.

34. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon Plaintiff's known association with her disabled, or perceived-as-disabled daughter.

35. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

36. Paragraphs 1 through 14, and 19 are re-alleged and incorporated herein by reference.

37. This count sets forth a claim against Defendant for violation of the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2612, 2624.

38. This is an action against Defendant for harassing Plaintiff due to using intermittent leave for a known serious medical condition of Plaintiff's daughter as well as her own known serious medical condition, and for terminating Plaintiff for taking time off that was protected under the FMLA. This is both an interference and retaliation case.

39. After taking intermittent leave for both Plaintiff's and Plaintiff's daughter's serious health conditions, Defendant made changes to Plaintiff's work environment (including but not limited to modifying Plaintiff's schedule) and subjected Plaintiff to hostility due to her and her daughter's known serious medical conditions. Defendant then took adverse personnel actions against Plaintiff for using protected leave, and ultimately terminated her employment because of her need for leave.

40. Plaintiff was denied rights and benefits conferred by the FMLA. As stated *supra*, Plaintiff made Clarissa Cooper aware of the disabling conditions which negatively impact both Plaintiff and Plaintiff's daughter around the same time she was hired. Defendant did not inquire further or provide Plaintiff with any FMLA documentation or forms as required by the FMLA. The FMLA requires Defendant

to inquire prior to a formal request for FMLA protection, and Defendant failed to meet this requirement, which resulted in the denial of FMLA benefits to Plaintiff.

41. Prior to Plaintiff's need for leave for her and her daughter's known serious medical conditions, she worked for Defendant for more than one year and he worked for more than 1,250 hours.

42. Defendant's violations of the FMLA were willful –Defendant was aware of the disabling conditions which negatively impact both Plaintiff and Plaintiff's daughter, and nonetheless issued discipline for contrived time and attendance issues *after* Plaintiff was informed she was excused from work pursuant to the FMLA.

43. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered past and future pecuniary losses, inconvenience, lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are occurring at present and will continue in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's

11

obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs under the various laws cited above and as otherwise allowed by law;

(f) award Plaintiff interest where appropriate;

(g) award Plaintiff punitive damages against Defendant; and

(h) grant such other further relief as being just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
marie@mattoxlaw.com
Secondary sources:
michelle@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF